May it please the Court, Your Honors, Barry Schultz on behalf of the appellant Eric Israel. Mr. Israel appeals from the decision of the District Court, which was that the claim should be remanded for a fourth hearing before an administrative law judge, rather than for an award of benefits. There are several critical factors in the case, the first being that approximately five and a half years ago, after Mr. Israel's first administrative law judge hearing, on appeal to the Appeals Council, the Appeals Council remanded the claim so that the ALJ should reconsider the opinions of the treating pain management specialist, Dr. Harvey, physician's assistant, Ms. Nels, and the functional capacity examination report of the occupational therapist, Mr. Bertgold. And then, five and a half years later, following plaintiff's filing of reopening brief in the District Court, the commissioner filed a motion for remand, asking the court to remand the case for an ALJ to reconsider those exact same opinions. So the case at this point, after three ALJ decisions, is in the exact same position, evidence-wise, as it was at that time. Has there been any attempt to settle this claim with the SSA? Would some period of time to attempt settlement be helpful? There was an attempt to settle the case, yes. There was, and we were unable to reach that conclusion, which is why we're here at this point. Additionally, in this case, there's a consistency of the evidence that is really rarely found in Social Security disability claims, in that you have an independent occupational therapist who actually assessed what Mr. Israel's functional capacities were. In that report, Mr. Bertgold opined that it was a valid test and that Mr. Israel fully cooperated and gave forth full effort. Nobody has challenged those findings. No physician provided an opinion that Mr. Bertgold wasn't qualified to do the examination or did not do it properly. And then you have, a year and a half later, the treating pain management specialist, who had treated Mr. Israel for a year and a half at that point, giving almost the same opinion, which was that Mr. Israel is limited to working two or three hours a day because of his debilitating pain. Now the district court said that, while apparently sympathetic to the claim, he felt that because there were MRIs that did not show severe pathology, that he had to remand the case for additional proceedings for consideration of those MRIs. But the problem with that finding is that Mr. Israel's condition is a pain condition. His primary diagnosis is post-laminectomy syndrome, or what is also known as failed back surgery syndrome. And that's a pain condition where doctors don't really know why some people, after undergoing laminectomy surgery, have severe pain. So it's not expected to show up on MRIs or x-rays or EMGs. And that is, in fact, why Mr. Israel was treated by pain management doctors and clinicians as opposed to an orthopedic doctor or a neurologist. And there's no question on this record that Dr. Harvey, the pain management specialist, believed that Mr. Israel was in disabling pain. He states that opinion throughout the treatment notes. He prescribes methadone, and then when that wasn't sufficient, cadian. Both of those are narcotics. And then when those were insufficient, he prescribes Lyrica and a lidoderm patch, and he attaches a spinal cord stimulator. That was not effective. Mr. Israel went to physical therapy, but he had to stop because it increased his pain. The defendant points out that in the treatment notes, there are times when Mr. Israel says that his medication was effective. But if you look at many of Dr. Harvey's notes, Dr. Harvey says that the pain—that the medication minimally helped, and it allowed for minimal functioning. So to Mr. Israel, that was the pain medication being effective, because again, in those treatment notes, very consistently, Mr. Israel noted that his pain was at best a 5 out of 10, but at worst, 10 out of 10, sometimes 9 out of 10. So his pain medication helped a little bit. This is not a case where you have evidence of daily activities that were inconsistent with the doctor's opinion. Mr. Israel's testimony was that he was lying down. He spent most of his day lying down with his feet elevated. He did not help with the laundry. He could no longer cook. He didn't go to any of his daughter's events. She was in sports. His wife testified that he had tried to go to the sporting events. They brought a chair out there for him, but he couldn't do it. He testified he didn't go out. He didn't see friends. He didn't see family. There's no contradictory evidence. Dr. Harvey continually tried to get the insurance company to approve an intrathecal pain pump, which would deliver morphine directly to the spinal cord, but the insurance company would not pay for that. So after what now has been nine years of Mr. Israel's case pending with the Social Security Administration, and no administrative law judge being able to issue a decision that gave a reasonable basis for rejecting the opinions of the specialist, especially in this case a specialist who actually examined Mr. Israel's capacity for standing and walking and sitting, there's no reasonable basis on the record to reject testimony or the medical opinion. And on that basis, we believe that the district court abused its discretion in failing to remand this case for an award of benefits. Thank you. Ms. Baltz. May it please the court, Shefali Baltz on behalf of the Commissioner of Social Security. The district court in this case did not abuse its discretion by remanding the case for further proceedings rather than awarding benefits. Am I correct that the opinion evidence that would be weighed on remand is the same today as it was six years ago? The opinion evidence six, let's see, six years ago. I mean, the case is essentially in the same position today as it was then. Well, during the first ALJ hearing and decision, there was one less medical opinion in the record. The consultative examiner's opinion wasn't part of that record. So it's not exactly in the same position now as it was at that point in time. And to Mr. Israel's points regarding that the court or the appeals council remanded this case for the same reasons. The first remand, if you look at the actual remand decision, was based on an incorrect RFC finding, residual functional capacity finding, that it wasn't properly explained and that there was a credibility problem. So it was remanded. The second ALJ decision was then issued, and that was remanded because that ALJ failed to proffer the consultative exam report to the plaintiff's attorney and to the plaintiff. So that's why that case went back again, and that became the current case, which is the third ALJ. So the evidence between the first and the third isn't exactly the same. So this court has held that a court may remand for an award of benefits only where the record compels a single outcome, and that is that the claimant is clearly disabled. This is so because the court doesn't have authority to award benefits except on the grounds that the claimant is disabled under the Social Security Act. But if the SSA has three times failed to provide a reasoned basis to reject benefits, why should we allow this to drag on further? It's such a misuse of all the court systems, it seems to me. Well, we do regret that this case has continued to go on and had several proceedings before the administrative law judge. The law is that an award of benefits is not appropriate unless the record compels that finding. And here, because there is contradictory evidence with regard to the opinions that Mr. Israel relies on, that can't be the only outcome. There's still factual issues that need to be resolved, and as long as there's factual issues that continue to need to be resolved, it has to go back to the fact finder. Yeah, but it seems to me that, well, the MRI surely is not enough to force a remand. And the non-treating physician opinions alone are not enough for remand. So what the argument boils down to is, well, we combine two types of evidence, each of which would not be enough alone for a remand. But together, these two that aren't enough, are enough? The reviewing physician's opinion could need to be sent back in order to be weighed against the other evidence. And when it is added to the MRI evidence, which the findings are minimal, and this is Mr. Israel's pain stems from his back, and these MRIs relate to his back, so they become relevant evidence. The MRI is never, you know, going to show pain. It doesn't show the level, it can't predict the exact level of pain, but what it can do is it demonstrates a level of impairment. And that, in addition to medical opinions, and here there's also the medical opinion from the consultative examiner, which could also be considered here too. Here's one thing I really don't understand. The district court said that on their face, the MRI reports are inconsistent with Mr. Israel's disability claim. Can you explain how that is the case? What about the MRI is inconsistent with the subjective report of pain in someone who has this history of back surgery and extensive treatment for pain after the surgery? Well, I believe what the district court may have meant is that this is objective evidence under the regulations and the law in this circuit. Objective evidence can be considered in evaluating the extent of limitation an individual may have, including when that is pain. And so with that evidence coupled with the physician evidence, the reviewing physician evidence, who they had access to at least the 2007 MRI, that that creates at least some question as to how much weight to give the opinions Mr. Israel relies on. I don't think it's saying one way or the other, but that it continues to be a factual problem here that isn't clear on its face. In order for this court to find that there was an abuse of discretion, or even if it did find that the district court did abuse its discretion, the bottom line is the court can't award benefits, which is the remedy that Mr. Israel seeks, unless it can say that the record here compels an award of benefits or compels a finding of disability. And if this court can look at all the evidence that was set forth in the district court's decision, as well as the evidence that we laid out that further supports the district court's reason, which is the reason being that there may be evidence that's inconsistent with the opinions, if the court can say all of that evidence creates no doubt and these opinions have to be relied on, that's the only way that an award of benefits would be appropriate. So, is there any further questions? I guess not. Thank you. Thank you. Mr. Schultz. As to the consultative examination, Dr. Samadani did not actually give an opinion. He stated that Mr. Israel was able to sit and stand, walk, but he didn't provide an opinion as to whether or not he could do that throughout an eight-hour workday. He wasn't asked. His report does indicate that Mr. Israel was in constant pain during the exam, so that's consistent with the other doctors' reports. Also, while the government is asking that the case be sent back for review because of these MRI reports, those MRI reports were in the record when the ALJs considered the case previously. At any point, they could have developed the record if they thought that the MRI results were inconsistent with Dr. Harvey's opinion, but they never did. He's been having them since 2008, hasn't he? Or 2007, the MRIs? Yes. It was 2005, 2007, and 2010, all basically the same results on the MRIs. Thank you very much, Your Honor. Thank you, Mr. Shultz. Thanks, Ms. Walts. The case is taken under advisement, and the court will stand in recess.